**INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL–CIO; and Local No. 972, UAW, AFL–CIO, Appellants,**

v.

**CARDWELL MANUFACTURING COMPANY, Appellee.**

No. 6926.

United States Court of Appeals
Tenth Circuit.

May 26, 1962.

James E. Youngdahl (of McMath, Leatherman & Youngdahl, Little Rock, Ark., and Brick, Beaty & Bonwell, Wichita, Kan., on the brief), for appellants.

Dwight S. Wallace, Wichita, Kan. (William Porter, Donald C. Tinker, Jr., and Harry E. Robbins, Jr., Wichita, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

Appellant-Union brought this suit under Section 301(a) of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185, to compel arbitration of a grievance arising out of appellee-employer's use of a foreman for production work, allegedly in violation of one of the general provisions of their collective bargaining agreement.

The agreement pertinently provided arbitration procedures for the settlement of grievances and stated that the term "grievance" means "any dispute between the Company and the Union * * * concerning the interpretation, application, claim of breach or violation" of the agreement. An arbitration Panel was empowered to rule on disputed provisions of the agreement and "any case appealed to the Arbitration Panel on which they have no power to rule shall be returned to the parties without decision."

■■ On its face, the asserted grievance patently involves the "interpretation and application" of the terms of the bargaining agreement and is therefore a proper subject for arbitration. See United States Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, and cases there cited; New Park Mining Co. v. United Steelworkers of America (10 C.A.) 288 F.2d 225, United Steelworkers of America etc., v. New Park Mining Co. (10 C.A.) 273 F.2d 352; and Local 1912, International Association of Machinists v. United States Potash Co. (10 C.A.), 270 F.2d 496, cert. den. 363 U.S. 845, 80 S.Ct. 1609, 4 L.Ed.2d 1728. The trial court, however, denied enforcement and dismissed the suit, based upon a finding that "the parties did not intend to have settled by arbitration the issue of whether supervisors could engage in production work." This finding was, in turn, based upon the Union's "admission" of employer's affidavit to the effect that in negotiating the bargaining contract the Union had unsuccessfully sought a specific provision covering the subject matter of this grievance. The effect of this finding is to say that the parties, inferentially at least, excepted this particular grievance from their agreement to arbitrate. But in a case such as this, where the arbitration clause is quite broad, "only the most forceful evidence of a purpose to exclude the claim for arbitration can prevail * * *." And, an order to arbitrate should not be denied unless it may be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted

dispute." United States Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S. at pages 582 and 585, 80 S.Ct. at pages 1352 and 1354. The "admission" relied upon by the trial court conceded no more than that pre-contract negotiations had been undertaken on the issue of production work by those outside the bargaining unit and that the bargaining agreement, as finally reached, was silent on the issue.

■ It may be that the parties did not intend to include this particular grievance in their agreement to arbitrate. But even so, the disputed question calls for an interpretation and application of the terms of the agreement—a matter which the parties expressly committed to arbitration. The case is therefore reversed and remanded with instructions to enter an order requiring the employer to arbitrate the arbitrability of the grievance.